# Theo Poull & Co., v. Foy-Hays Construction Co.

## Breach of Contract.

(Decided Feb. 4, 1909.  48 South. 785.)

1. *Statutes; Repeal; Failure to Incorporate in Code.*—If no contrary intention is expressed in the Acts adopting the Code, the general rule is that general statutes of a public nature in force when the Code is adopted and promulgated, and not embraced therein, are repealed by such omission, and by the laws providing for the preparation, revision, adoption and promulgation of the Code; hence, section 436, Code 1896, was repealed by section 2868, Code 1907.

2. *Limitation of Action; Change of Limitation; Existing Actions.* —Where a judgment is rendered before the adoption of the Code of 1907, the right to take an appeal from which is expressly put at one year by section 436, Code 1896, such appeal from such a judg-

[Theo Poull & Co. v. Foy-Hays Construction Co.]

ment is not affected by section 2868, Code 1907, since it is saved from its operation by section 10 of said later Code.

3. *Contracts; Action for Breach; Allegation of Amount Due and Unpaid.*—In an action for a breach of the contract a complaint alleging that plaintiff had complied with all of the provisions of the contract, but that defendant breached it by not paying the consideration of $1,000 stipulated in the contract, sufficiently alleges the amount due and unpaid.

4. *Same; Set-off; Burden of Proof.*—Where defendant set off plaintiff's alleged breach of another contract in defense of an action for breach of contract, the defendan has the burden to prove to the jury's reasonable satisfaction, the material allegation of his pleas of set-off, or one of them.

5. *Set-off and Counter Claim; Nature.*—A set-off is a final demand growing out of an independent transaction, not sounding in damages merely subsisting between the parties at the commencement of the suit, and may be either liquidated or unliquidated.

6. *Pleading; Recoupment; Nature of Remedy.*—A plea of recoupment is a proper procedure to bring the matter before the court and have the damages considered where a defendant has been damaged by a breach by plaintiff of the contract sued on.

7. *Charge of Court; Invading Province of Jury.*—The action being for breach of contract with the defense of set-off of plaintiff's breach of that contract, an instruction asserting that it must be shown that the terms of the contract, including the plans and specifications, or some one provision or term thereof, has been broken was not improper as an invasion of the province of the jury.

8. *Appeal and Error; Harmless Error.*—It was not prejudicial, if erroneous to overrule a demurrer to a plea where the evidence without conflict showed that there was no breach of the contract which the pleas set up and alleged to have been breached.

9. *Same; Objections Below; Instructions.*—The duty is upon the party who conceives himself to have been injured by misleading instructions, to request instructions explanatory thereof; and if such party fails to do so in the trial court, he cannot complaint of such misleading instructions on appeal.

10. *Same.*—Where part of a charge is harmless to the party appealing, and the other postulate thereof is merely misleading, it does not constitute grounds of reversible error.

APPEAL from Jefferson Circuit Court.

Heard before Hon. A .A. COLEMAN.

Action by the Foy-Hays Construction Company against Theo. Poull, doing business as Theo. Poull & Co. Judgment for plaintiff, and defendant appeals. Affirmed.

The first count in the complaint is for breach of a contract entered into between the parties on the 17th

day of July, 1905, for the building by the Foy-Hays Con-. struction Company of certain work upon a ·high school at a fixed price of $1,000, and an acceptance thereof by the Theo. Poull Company, who had the contract for constructing the entire building, and the breach alleged ·is the failure to make the payment on the completion of the work. The other counts are for work and labor done and materials furnished, etc. The third plea sets up a failure of plaintiff to comply with the contract of July 17, 1905, in that the plaintiff failed to do such work as per plans and specifications and to the satisfaction of the architect and superintendent in charge of said work, in that the engine room in the basement was never completed, and the floor in the passage was two inches too high, and that said work was not done within the time of the contract, to the damage of the defendant in. the sum of $5,000, which sum is offered to be set off and judgment is claimed for the excess. The second replication to the third plea is that the plaintiff did not put in the cement floor in the basement room designated in the contract for the reason that when he was on the ground and ready to begin filling in same the foundation for machinery in said room was not in and the room was not ready for the floor, and defendant asked plaintiff to leave that alone, and that he would put it in himself, or have it put in.

The following charges were given for the plaintiff: "(3) I charge you that a plea of set-off confesses the debt sued on, but says that plaintiff ought not to have judgment therefor, because he owes the defendant a debt, which the defendant elects and offers to set off against the claim in suit. (4). I charge you that a set-off is a final demand, growing out of an independent transaction, liquidated or unliquidated, not sounding in damages merely, subsisting between the parties at the commence-

ment of the suit." Charge 5 is set out in the opinion. "(6) I charge you, gentlemen of the jury, that the burden is on the defendant to prove to your reasonable satisfaction the material allegations of his pleas, or one of them, of set-off, including the fact (if it be a fact) that plaintiff breached the contract alleged therein, and that defendant was damaged thereby."

TOMLINSON & McCULLOUGH, for appellant. Under the facts as to the appeal one of the three following propositions is correct: 1. Section 2868, Code 1907, superseded section 436, Code 1896, and the six months within which the appeal could be taken began to run from the time the Code was put into effect, to-wit, May 1, 1908, and the appeal must be sustained.—*Cox v. Davis*, 17 Ala. 714; *Henry v. Thorpe*, 14 Ala. 113; *Doe ex dem. v. Haskins*, 15 Ala. 619; *Ivey v. Bloom*, 53 Ala. 174; *Lewis v. Kindsey*, 33 Ala. 304. This section of the Code cannot be made to act retroactively so as to cut off appellants right of appeal then existing.—*Ivey v. Bloom, supra; Bradford v. Barclay*, 42 Ala. 375. Any other construction would render section 2868, Code 1907, unconstitutional. —Sec. 95, Const. 1901; 25 994; *Show v. Watterson*, 21 L. Ed. 737. The right of appeal is a matter of right.— Sec. 2837, Code 1907. The court erred in overruling demurrer to the 2nd replication to plea 3.—*Whitehurst v. Boyd*, 8 Ala. 375. Counsel discuss other assignmentsc of error insisted on, but without citation of authority.

FRANCIS M. LOWE and C. B. POWELL, for appellee. The appeal should be dismissed because not taken in time.—43 L. R. A. 287; 68 Am. Dec. 323. The law in force at the time the appeal was granted and not the time the judgment was rendered determines the right to an appeal.—*Mazange v. Slocum*, 23 Ala. 668; *Frankelhei-*

*mer v. Slocum*, 24 Ala. 373; 58 S. W. 700; 12 Wis. 412; 58 N. Y. 489; 2 Cyc. 520; 521 and notes. As to set-off see.—*St. L. & T. R. P. Co. v. McPeters*, 124 Ala. 451. The burden of proving all the material allegations of the plea is upon the pleader in recoupment.—*Moore v. Barbour Asphalt Pav. Co.*, 118 Ala. 563. Recoupment must spring out of the very contract or transaction in which the recovery is sought.—*Lawton v. Ricketts*, 104 Ala. 430; *Shepperd v. Dowling*, 103 Ala. 566; *Grisham v. Bodman*, 111 Ala. 194. All reasonable presumptions are indulged in the favor of the trial court.—*Shepperd v. Dowling, supra.*

DENSON, J.—This cause is submitted on a motion to dismiss the appeal, as well as on the merits. The motion rests upon the ground that the appeal was not taken within the time prescribed by the statute; that the right of appeal was barred by the statute of limitations. The judgment is a final judgment, and was rendered by the circuit court of Jefferson county on the 19th day of June, 1907. The appeal was taken on the 18th day of June, 1908, more than 6 months after the rendition of the judgment, and 48 days after the Code of 1907 went into effect.

The statute in force at the time the judgment was rendered allowed one year from the rendition of the judgment within which an appeal might be taken (Code 1896, § 436); but section 2868 of the Code of 1907, which became effective on May 1, 1908, provides that "appeals under this chapter, except in such cases as a different time is prescribed, must be taken within six months." It will be observed that there is no saving clause expressed in this section of the Code in respect to judgments in existence at the time the Code took effect. The general rule is that, no contrary intention being expressed in the act

adopting a code of laws, all general statutes of a public nature in force when the Code is adopted and promulgated, and not embraced therein, are repealed by virtue of such omission, and by the laws providing for the preparation, revision, adoption, and promulgation of the Code,—*Hatchett v. Billingslea,* 65 Ala. 16; *Carmichael v. Hays,* 66 Ala. 543; *Sawyers v. Baker,* 72 Ala. 49; *Werborn v. Austin,* 77 Ala. 381; *Benners' Case,* 124 Ala. 87, 26 South. 942. Under this rule there can be no doubt that section 436 of the Code of 1896 (referred to above) was repealed by the adoption and promulgation of the Code of 1907, leaving in lieu thereof, and as a substitute therefor, section 2868 of the Code of 1907.

But we agree with appellee's counsel that an appeal is a part of the remedy, and is not a vested right.— Elliott's App. Proc. § 76; *B. & P. R. R. Co. v. Grant,* 98 U. S. 398, 25 L. Ed. 231; *Dennison v. Alexander,* 103 U. S. 522, 26 L. Ed. 313; *McClain v. Williams,* 10 S. D. 332, 73 N. W. 72, 43 L. R. A. 287, 289; *Smith v. Packard,* 12 Wis 371. This being true, it is our opinion that section 10 of the present Code continues in force the statute of limitations of one year as to all judgments rendered before the adoption of the Code (such as the one here appealed from), and saves to the appellant the appeal which appellee seeks to have dismissed. The case of *Mazange v. Slocum,* 23 Ala. 668, cited by appellee, is not in conflict with the theory that section 10 saves the appeal, as above indicated. In that case a very different proposition was before the court from the one now before us. Section 12 of the Code of 1852 was under consideration. It will be remembered that the Code of 1852 abolished the writ of error as the method of bringing civil cases to this court for review, and for the first time in Alabama established appeal as the remedy. Section 3040 of that Code fixed two years as the limitation

[Theo Poull & Co. v. Foy-Hays Construction Co.]

for the suing out of appeals, and providing that it should not apply to then existing judgments and appeals. The Code took effect on the 17th day of January, 1853. After that date a writ of error (that in the *Mazange-Slocum Case, supra*) was issued on a judgment rendered prior to the specified date. The court held that appeal was the only remedy, and dismissed the writ. So it was the form of the remedy, instead of the question of limitations, that was involved.

But it was sought in that case to save the writ of error under section 12 of the Code, which read as follows: "No action or proceeding commenced before the adoption of this Code shall be affected by its provisions." The court answered that contention—Chilton, C. J., delivering the opinion—as follows: "The meaning of this twelfth section is that actions and proceedings commenced before the Code took effect are governed by the old law as to all continuous proceedings had in the court in which they are pending; but proceedings in the nature of a new action, although predicated upon the determination of the court had under the old law, if commenced after the Code went into operation, must conform to its provisions." It was also held that an appeal, like the writ of error for which it was substituted, was a new proceeding, and was the commencement of proceedings in this court to revise the action of the court below, and therefore could not be regarded as the continuation of proceedings in the lower court. In other words, the effect of the decision was that section 12 did not apply to the remedy by appeal, nor to the writ of error.

Section 10 of the present Code provides that: " This Code shall not affect any existing right, remedy, or defense, nor shall it affect any prosecution now commenced, or which shall be hereafter commenced, for any offense already committed. As to all such cases the laws

[Theo Poull & Co. v. Foy-Hays Construction Co.]

in force at the adoption of this Code shall continue in force." We think it cannot be doubted that to abridge the time within which an appeal may be taken would affect the right of or remedy by appeal. In this case, for instance, if the six-months statute be held to apply to the judgment here appealed from, the appeal was lost when the Code became effective. We are clear in our conclusion that section 10 of the Code continues in force the limitations of one year for appeals from judgments rendered prior to the 1st day of May ,1908. Therefore the motion to dismiss the appeal is overruled.

The action is one for breach of a contract or agreement alleged to have been made between the parties, whereby plaintiff agreed to do certain work for the defendant on the Birmingham high school building; the defendant having contracted with that city to construct such building. It is alleged in the first count of the complaint, which is a special count for breach of the agreement, that plaintiff complied with all the provisions of the contract, but that defendant breached it by not paying the consideration ($1,000) stipulated in the agreement. It is shown in the count that the consideration was to be paid on the completion of the work. The averments of this count are an answer to the ground of demurrer insisted upon, that the count does not allege the amount claimed as due and unpaid.

Whether the demurrer to the second replication to plea 3 was or was not improperly overruled is immaterial, as the evidence without conflict showed that there was no breach of the contract of July 17, 1905, set up in said plea. The defendant himself testified that there was no material difference between him and the plaintiff "as to the work under that contract." Consequently defendant was entitled to nothing so far as that plea was concerned, even if the replication had not been in the case.

If a defendant has suffered damages, on account of a breach by the plaintiff of the contract upon which the plaintiff bases his cause of action, a plea of recoupment is the procedure by which defendant may bring the matter before the court and have his damages considered.—*Behrman v. Newton,* 103 Ala. 525, 529, 15 South. 838. For this reason we see no reversible error in the action of the court in giving charge 2, requested by the plaintiff.

The defendant's defense is that plaintiff had breached, to the defendant's damage, a contract made April 1, 1905; and there is testimony in the record which tends to support the defense. The plaintiff requested, and the court gave, the following charge: "(5) I charge you, gentlemen of the jury, that to constitute proof of a breach of contract executed by plaintiff and defendant April 1, 1905, upon the part of the plaintiff, it must be shown that the terms of the contract, including plans and specifications, or some one provision or term thereof, has been broken." This charge is criticised, in brief of appellant's counsel, as being invasive of the province of the jury. The criticism is inapt.

The proposition of law involved in charge 6, given for the plaintiff, is correct; and while the charge is misleading in its tendencies, and the court could well have refused it on this account, yet the defendant could have protected himself against its misleading tendencies, and the court will not be put in error for giving it.—*Woodward Iron Co. v. Curl,* 153, Ala. 215, 44 South. 969.

Charge 4, as copied in the transcript, correctly defines set-off, and was properly given. The charge is not the same as charge 4 set out in appellant's brief, and we have found in the record no charge corresponding with that so quoted by the appellant. But, waiving this point, and taking the brief of counsel as referring to charge 3,

which he sets out, and which is covered by the sixth ground in the assignment of errors, the court cannot be put in error for giving charge 3, because the evidence of the defendant, Theo. Poull, showed without dispute that there was no material difference between plaintiff and defendant as to the work done under the contract of July 17, 1905, the one sued upon. Therefore plaintiff's demand was proved, and the first postulate of the charge, if erroneous, could not possibly have worked injury to defendant, and the remainder of the charge was misleading merely.

The court did not err in overruling the motion for a new trial.

We have treated all the grounds of error insisted upon in the briefs, but can sustain none, and the judgment appealed from is affirmed.

Affirmed.

TYSON, C. J., and SIMPSON and MAYFIELD, JJ., concur.