# Wood Mercantile Co. *v.* McAdoo.

*Garnishment.*

(Decided May 24, 1909.   49 South. 856.)

*Appeal and Error; Right of; Waiver; Payment of Judgment.*— Where money alleged to be due the plaintiff is paid into court by garnishee after judgment for a claimant substituted as defendant by defendant's suggestion under the statute, the payment of the fund by the court to the claimant does not affect plaintiff's right of appeal.

APPEAL from Bessemer City Court.

Heard before Hon. WILLIAM JACKSON.

Action by the Wood Mercantile Company against Elmore Austin with garnishment to the L. & N. R. R. Co. Susie McAdoo was made defendant on the suggestion that she claimed the funds, and judgment was rendered in her favor. The Wood Mercantile Company later prayed for and obtained certiorari to the city court of Bessemer, but not until after the fund had been paid to the claimant. From a judgment quashing the certiorari plaintiffs appeal. Reversed and remanded.

PINKNEY SCOTT, for appellant.—Plaintiff had a right to certiorari.—*Grantham v. Payne,* 77 Ala. 586. The Code of 1907 by section 10 thereof, was made not to apply to the remedy here. Certiorari was the proper way to bring up appeal for review.—*Washington v. Parker,* 60 Ala. 448. The petition having been granted, the court erred in quashing it.—*Wright v. Hurt,* 92 Ala. 593; *Washington v. Parker, supra; Wright v. Gray,* 20 Ala. 363.

ESTES, JONES & WELCH, for appellee.—The certiorari was sued out too late.—Sec. 4714, Code 1907. Under

the facts in this case, the judgment having been discharged, certiorari will not lie, and the question is properly raised by motion to quash.—*Smith v. Patton,* 30 South. 582; *Hall v. Hrabrowski,* 9 Ala. 273; *Frochlichstein v. Jordan,* 138 Ala. 310. Sec. 4714, applies to the case at bar.—*Scales v. Ott,* 127 Ala. 582; 8 Cyc. 921 and 928, and cases cited.

SAYRE, J.—From the much involved transcript of the record in this case we gather the pertinent facts to be as follows: The appellant brought suit before a justice of the peace against the Louisville & Nashville Railroad Company to recover a certain sum of money alleged to be due from the defendant to one Elmore Austin; plaintiff claiming the same by assignment. The defendant suggested, under the statute, Susie McAdoo, the appellee, as claimant, whereupon she came in and defended. Judgment went for the substitutionary defendant on December 18, 1907. The sum in controversy was then paid into court by the railroad company, and by the court paid over to the appellee. More than 6 months later, but within 12 months from the date of the judgment, appellant sued out a statutory writ of certiorari, returnable into the city court of Bessemer. In the city court a motion was made to quash the certiorari, on the grounds that it has not been sued out within 6 months after the rendition of the judgment in the justice's court and that the judgment in the justice's court had been satisfied prior to the sueing out of the writ. On this motion the evidence, all of which is set out in the bill of exceptions, was taken, and showed without conflict that the money had been paid to the appellee as detailed above.

We presume the court below proceeded upon the idea that the writ of certiorari had not been sued out within the period prescribed by the statute. But that such

was not the case has since been determined by this court in the case of *Theo. Poull & Co. v. Foy-Hays Construction Co.*, 159 Ala. 542, 48 So. 785. As for the other ground of the motion, it is too clear for argument that the payment of the sum of money in controversy to the appellee had no effect whatever upon the rights of the appellant in the premises, and did not operate as a waiver by it of its appeal. The judgment quashing the certiorari was error.

Reversed and remanded.

DOWDELL, C. J., and ANDERSON and McCLELLAN, JJ., concur.