# Mizell *v.* Farmers' Bank of Clio.

## *Assumpsit.*

(Decided February 13, 1913.  61 South. 272.)

1. *Bills and Notes; Defenses; Sufficiency.*—Where the action was by a bank on a note payable to it, a plea asserting that in order to sell defendant shares of stock in an insurance company a third person made fraudulent representations to the maker of the note, as to the value of stock in other insurance companies doing a similar business, and that such false representations were made to induce defendant to buy the stock of which false representations the plaintiff bank had notice, sets up matter wholly irrelevant and rendered such plea subject to the demurrer.

2. *Same; Instructions.*—In an action on a note to which non est factum was pleaded, but which the signer as a witness admitted signing, the affirmative charge as to the plea of non est factum was properly given.

3. *Same; Evidence.*—Where the action on the note was defended on the ground that the note was given under the impression that it was in consideration of stock in a corporation, the application by the defendant for the purchase of such stock was properly admitted in evidence.

4. *Same.*—Where the action was on a note and one of the pleas was non est factum, the alleged maker of the note should have been permitted to testify whether or not he signed the paper exhibited in the suit.

5. *Pleading; Set Off; Sufficiency.*—Where the action was on a note a plea asserting that defendant, if he executed the instrument

[Mizell v. Farmers' Bank of Clio.]

sued on, executed it for a loan of $2,000, that plaintiff never delivered to him or paid out for him under his direction, or with his consent and authority, such sum, and that plaintiff now owes defendant the said sum of $2,000, with the interest thereon, which was a subsisting claim against the plaintiff at the time the suit was brought, and which defendant offers to offset against plaintiff's claim, is not good as a plea of set off, as it denies the existence of plaintiff's demand which a plea of set off must confess, and also because a set off is a counter demand growing out of an independent transaction.

6. *Appeal and Error; Harmless Error; Evidence.*—Where the court refused to allow defendant to testify, under his plea of non est factum, as to whether defendant signed the paper in suit, the error was cured by the subsequent admission of defendant that he signed such paper.

7. *Charge of Court; Ignoring Evidence.*—Where the maker defended the action on the note, and testified that in making the purchase he and the person selling the stock went together to the bank; that the cashier was asked for an insurance company note, and produced notes which defendant believed were company blank notes; that the cashier heard and acquiesced in the representations made by the persons selling the stock, and knew that defendant thought he was signing a note in payment for the stock, and not a note to the bank, a charge directing to find for plaintiff unless plaintiff or someone authorized by plaintiff, misrepresented the contents of the paper sued on to defendant. was improper as ignoring evidence as to the knowledge of the cashier.

APPEAL from Dale Circuit Court.

Heard before Hon. M. SOLLIE.

Assumpsit by the Farmers' Bank of Clio against C. W. Mizell Judgment for plaintiff, and defendant appeals. Reversed and remanded.

The claim is based upon a contract which is in effect a joint note and mortgage agreeing to pay the Farmers' Bank of Clio the sum of $2,000 by or before November 11, 1908, and conveying, as security therefor, all the live stock and crops for that year, and all crops for the years 1911, 1912, 1913, 1914, and 1915. The defendant pleaded the general issue, no consideration, and failure of consideration, in short by consent, and the following pleas in full:

(6) "The said A. L. McClain, in order to sell defendant the said 100 shares of stock in the said American Health & Accident Insurance Company, falsely and

fraudulently represented to defendant that the stock which defendant already owned in the Southern States Fire & Casualty Insurance Company, and in the Great Southern Life Insurance Company, each of which companies was at the time and for some years prior thereto engaged in a similar and the same character of business as was the said American Health & Accident Company, and all doing business in the city of Birmingham, Ala., and under the laws of the state of Alabama, was worth on the market at the time he agreed to make such purchase $40 per share, when in fact the said stock of said company was not worth over $10 or $11 per share and probably less than this amount, of which false representation plaintiff had notice."

"That in order to induce defendant to buy the said 100 shares of stock in the said American Health & Accident Insurance Company, the said A. L. McClain and J. A. Bell, as agents of the said company, falsely and fraudulently represented to the defendant that the stock of the companies named in plea 6, in which defendant had stock, had a book value of $40 per share, when in fact the books of said companies showed their stock to be worth little over $10 per share, of which false representation plaintiff had notice."

Plea 4 shows that defendant had agreed with one A. L. McClain and J. A. Bell, as the agents of the American Finance Company, and the American Health & Accident Insurance Company, to execute his note to the said American Finance Company, or to the said American Health & Accident Insurance Company, for $2,000, for 100 shares of stock in the said American Health & Accident Insurance Company, which were to be issued to him; that when they agreed on the terms McClain stated that he did not have any of the company's notes at his office, where said agreement was made, but that

they were over at the office of the Farmers' Bank of Clio, and requested defendant to walk over there with him so that they might get a note and have it signed; and that when they arrived at the bank McClain asked Reynolds, cashier of the bank, for one of the company's notes, and said Reynolds picked up and handed to him some notes which defendant understood were notes payable to the company, either the American Finance Company, or the American Health & Accident Insurance Company, and which said McClain, in the presence of the said Reynolds, falsely and fraudulently represented to defendant as the note of said company, and upon this representation, and with this understanding, defendant signed what he understood to be such a note, not knowing the same not to be such note.

Plea 12 is as follows: "Defendant further says that, if he executed the instrument sued on to plaintiff, it was for a loan of $2,000; that plaintiff had never delivered to him or paid out said sum of $2,000 for him under his direction, or with his consent or authority; and that plaintiff now owes defendant the said sum of $2,000, together with the interest thereon, which was a subsisting claim against plaintiff at the time this suit was brought, and which defendant offered to offset against plaintiff's claim."

The following is charge 3: "If plaintiff or some one authorized by plaintiff did not misrepresent the contents of the paper sued on to defendant, then the jury will find for plaintiff."

Charge 4. "Before the jury can find for defendant, they must be reasonably satisfied from the evidence that the plaintiff, or some one authorized by plaintiff, misrepresented the contents of the paper to him, to defendant, and that defendant was induced by said misrepresentation to sign said paper."

Charge 1. Affirmative charge as to plea 8.
Charge 2. Affirmative charge as to plea 2.

J. E. Z. RILEY, for appellant. If pleas 6 or 7 were true, the purchaser of the stock had a right to rescission.—*So. F. S. & C. I. Co. v. Wilmer S. Co.*, 60 South. 98; sec. 4298, Code 1907; *Jesse-F. P. & O. Co. v. Bradley*, 138 Ala. 180; *Jones v. Anderson*, 82 Ala. 302. The defendant's plea of set off was the proper plea, and the court erred in sustaining demurrers to it.— *Washington v. Timberlake*, 74 Ala. 263; *Gresham v. Bodman*, 111 Ala. 194; *Merchants Bank v. Acme L. & M. Co.*, 160 Ala. 441. The charges given for plaintiff ignored the defendant's evidence, and were improper; they also ignored the issues made by the pleas.— *Green v. Bradley*, 152 Ala. 507; *McVay v. White*, 158 Ala. 182; *Searight v. State*, 160 Ala. 33.

O. C. DOSTER, and H. L. MARTIN, for appellee. The misrepresentations of a third party were immaterial, and the court properly sustained demurrers to the pleas setting them up. If defendant's plea of setoff had been a plea of recoupment it possibly would have been an answer to the complaint, but it certainly was not good as a plea of setoff.—160 Ala. 441. Having admitted that he signed the paper in suit the defendant could take nothing under his plea of non est factum, and the court properly directed a verdict on that issue. Counsel discuss the other matters assigned as error, but without further citation of authority.

ANDERSON, J.—This is an action upon an instrument in writing executed by the defendant and payable to the plaintiff bank, and the fraudulent representations attempted to be set up in pleas 6 and 7, on the

[Mizell v. Farmers' Bank of Clio.]

part of McClain and Bell, have no connection whatever with the execution or consideration of the instrument sued upon. The said pleas do not connect the matters therein set up with the contract involved in the complaint. Plea 4 may attempt to do so, but pleas 6 and 7 do not, by adopting as a part thereof plea 4, or otherwise. The trial court did not err in sustaining the demurrers to pleas 6 and 7.

Plea 12 attempts a setoff growing out of a breach or failure of consideration of the contract sued upon, and is not good as a plea of set-off. "A set-off, as it has been well defined, is a counter demand, growing out of an independent transaction, liquidated or unliquidated —not sounding in damages merely—subsisting between the parties at the commencement of the suit."—*St. Louis Co. v. McPeters*, 124 Ala. 456, 27 South. 520. "If a defendant has suffered damages, on account of a breach by the plaintiff of the contract upon which the plaintiff bases his cause of action, a plea of recoupment is the procedure by which defendant may bring the matter before the court and have his damages considered."—*Theo. Poull & Co. v. Foy-Hays, etc., Co.*, 159 Ala. 453, 48 South. 785. Moreover, the plea denies, in a way, the existence of the demand claimed by the plaintiff, and a plea of set-off should confess the existence of the demand of the plaintiff and not deny the same. Plea 12 was bad, and the trial court did not err in sustaining the plaintiff's demurrer to same.

The trial court erred in giving charge 3, at the request of the plaintiff. It instructed a finding for the plaintiff unless it or some one authorized by the said bank misrepresented the contents of the paper sued on to the defendant. This charge ignored a material part of the defendant's evidence to the effect that Reynolds, the cashier, may not have made any misrepre-

sentations to the defendant, yet he heard and acquiesced in the representations of McClain, and became a party to same in the preparation of the paper and in attesting same, knowing that the defendant thought he was signing a note to the American Finance Company, and not a note and mortgage to the plaintiff bank. In other words, the defendant testified that, when they entered the bank, McClain called for a company note, and Reynolds, the cashier of the bank, produced a batch of notes, and was then told by McClain to make out one for the defendant to sign payable to the American Finance Company. It may be that the weight of the evidence is to the contrary; but, with this evidence in, the jury could infer that Reynolds knew that the contents or character of the paper was misrepresented to the defendant and became a party to the fraud by filling out the note to the bank instead of to the American Company, as McClain had told him to do, in the presence and hearing of the defendant. If McClain misrepresented the paper in the presence of Reynolds, the cashier, and he knew the defendant was signing same on the strength of said misrepresentations, the jury could infer that Reynolds acquiesced in the fraud, whether he made a single misrepresentation to the defendant or not, and the plaintiff would be bound thereby. In other words, there was evidence from which the jury could infer misrepresentations on the part of McClain, known to and acquiesced in by the cashier, Reynolds, and, if such was the case, the bank was bound thereby, notwithstanding Reynolds nor any other agent did not make misrepresentations to the defendant. Moreover, the charge is bad in form, as it is not predicated upon the evidence in the case.

Charge 4, given for the plaintiff, is better in form than charge 3, but is subject to the first criticism of

[Mizell v. Farmers' Bank of Clio.]

charge 3, as it ignores the evidence tending to show knowledge, acquiescence, and participation by the cashier of the bank, whether he made any representations to the defendant or not.

There was no error in giving charge 1 for the plaintiff. It was the general charge as to plea 8, and which was the plea of non est factum, and the defendant, as a witness, admitted signing the instrument in question.

Charge 2, given for the plaintiff, should have been refused. There was evidence from which the jury could infer that, notwithstanding the defendant signed the instrument in question, there was no consideration received by him from the plaintiff, or paid to another at his instance or request or with his consent.

There was no error in permitting the certificate of deposit in evidence, or the application by the defendant for the purchase of capital stock in the American Finance Company.

It may be that the trial court did not err in not permitting the defendant to say whether or not he signed a mortgage; but there was error in refusing to let him testify as to whether or not he signed the paper in question, as the plea of non est factum was in, and he had the right to tell whether or not he signed the paper. The error, however, was cured by the subsequent admission of the defendant, when a witness, that he signed said paper.

For the errors heretofore designated, the judgment of the circuit court is reversed, and the cause is remanded.

Reversed and remanded.

DOWDELL, C. J., and MAYFIELD and DE GRAFFENRIED, JJ., concur.