# Shiver v. Phillips-Boyd Publishing Co.

### Assumpsit.

(Decided March 23, 1917.   Rehearing denied April 10, 1917.
74 South. 745.)

1. **Appeal and Error; Perfecting; Time.**—The court is without jurisdiction other than to dismiss an appeal taken 11 months and 29 days after the date of the judgment, since § 2868, Code 1907, and Acts 1915, p. 711, require that an appeal be taken within six months.

2. **Same.**—Construing § 2868, Code 1907, Acts 1909, p. 165, and Acts 1915, p. 711, which became effective Sept. 22, 1915, it is held that an appeal from a judgment which was rendered Sept. 21, 1915, which was not taken until Sept. 20, 1916, was not taken in time, and must be dismissed, Acts 1915, p. 711, having no saving clause.

APPEAL from Coffee Circuit Court.
Heard before Hon. A. B. FOSTER.

[Shiver v. Phillips-Boyd Publishing Co.]

Assumpsit by the Phillips-Boyd Publishing Co. against Gus Shiver. Judgment for plaintiff and defendant appeals. The submission was on motion of appellant to dismiss the appeal, and of appellee to affirm on certificate. Appeal dismissed.

RILEY & CARMICHAEL, for appellant. W. W. SANDERS, for appellee.

BRICKEN, J.—In this case, the appellee, Phillips-Boyd Publishing Company, obtained judgment against the appellant, Gus Shiver, on the 21st day of September, 1915, in the circuit court of Coffee county, in this state. The appellant sued out an appeal from this judgment on the 20th day of September, 1916. Certificate of appeal was filed in this court September 22, 1916. The case is now submitted on motion of appellant to dismiss his appeal and on motion of appellee to affirm on certificate. The motion of the appellant states that "he does not desire to further prosecute his appeal," and to this motion the appellee objects, and makes motion under rule 32 of the Supreme Court for an affirmance of the judgment on the certificate.

(1) It affirmatively appearing that this appeal was not taken in the time required by law, this court is without jurisdiction to consider same other than to dismiss the appeal, which is accordingly done.—Code 1907, § 2868; Acts 1915, p. 711, § 1.

Appeal dismissed.

## ON REHEARING.

(2) On application for rehearing it is urged that the appeal in this case was taken within the time prescribed by law, in that section 2868 of Code 1907 was amended by act of Special Session 1909, p. 165, which said act makes the time for appealing one year from the rendition of the judgment or decree; and it is insisted that this act was in force on the 21st of September, 1915, the day upon which the judgment in favor of the appellee and against the appellant was obtained. The appeal was taken on the 20th day of September, 1916. It is true that the statute in force at the time the judgment was rendered allowed one year from the rendition of the judgment within which an appeal might be taken, and this fact was duly noted and considered by this court in passing upon the motions on appeal in this case; but

[Bryant v. The State.]

this statute was repealed by Acts 1915, p. 711, which became effective September 22, 1915, and the later statute provides that appeals must be taken within six months. It will be observed that there is no saving clause expressed in the statute (Acts 1915, p. 711) in respect to judgments in existence at the time this statute took effect. The appeal in this case was not taken until one year, lacking one day, after the statute of 1915 was in effect, and therefore we must adhere to the opinion in this case; and under authority of *Theo. Poull & Co. v. Foy-Hays Construction Co.*, 159 Ala. 453, 48 South. 785, the application for rehearing is overruled.

Application overruled.