159 So. 702

### CHEAIRS v. OSBORN et al.

#### 2 Div. 552.

Court of Appeals of Alabama.

Feb. 26, 1935.

W. R. Withers, of Greensboro, and Keith & Wilkinson, of Selma, for appellant.

Reuben H. Wright, of Tuscaloosa, for appellees.

BRICKEN, Presiding Judge.

It having been made known to this court that N. F. Cheairs has, pending this suit, been duly appointed as receiver of the First National Bank of Greensboro, Ala., to succeed Jacob A. Salmon, original appellant, the said N. F. Cheairs has by order of this court been substituted as appellant in this proceeding.

On the trial of this case in the court below, there was a directed verdict in favor of the defendants in a suit filed by the receiver of the First National Bank of Greensboro, Ala., an insolvent national bank, against the appellees (defendants in the lower court) to collect a stock assessment levied by direction of the Comptroller of the Currency of the United States against all the shareholders of record of said bank. The plaintiff, Jacob A. Salmon, receiver aforesaid, sought to recover from the defendants $1,000 with interest thereon, as an assessment levied against defendants as devisees of the will of P. F. Osborn, deceased, whose estate had owned and held as its property for 18 years ten shares of stock in aforesaid bank.

It was shown in the trial of this cause that ten shares of stock with the par value of $100 per share had been issued to P. F. Osborn in 1904; that P. F. Osborn died about 18 years before the trial of this cause, leaving a will which named C. M. Osborn as executor and Mamie E. Osborn as executrix; that C. M. Osborn has been actively in charge and administrating the affairs of the estate of P. F. Osborn, deceased, in his capacity as executor of the will of his father, P. F. Osborn, since the probating of the will; and that as such executor he has cashed certain named dividend checks as shown in the record.

It was also shown that Jacob A. Salmon had been duly appointed as receiver of the First National Bank of Greensboro which had been declared insolvent; that an assessment had been levied by the Comptroller of the Currency of the United States upon all the shares of the capital stock of said bank in the sum of 100 per cent. upon the par value thereof.

The cause was here "submitted on briefs" and "on motion to dismiss the appeal." The motion as submitted must be granted and the appeal dismissed, for it affirmatively appears from the record that the judgment of the court, aforesaid, was entered on November 28, 1933, and the appeal was not taken and perfected until on August 22, 1934, which was 8 months and 24 days after the rendition of the judgment.

Section 6127 of the Code 1923, provides that appeals of this character must be taken within 6 months from the rendition of the judgment. When it affirmatively appears that the appeal is not taken within the time provided by statute, the appellate courts are without jurisdiction, other than to dismiss the appeal. The following authorities are conclusive of this question:

"Where the appeal was taken 11 months and 29 days from the rendition of the judgment, the court was without jurisdiction other than to dismiss the appeal in view of Code 1907, § 2868, and Acts 1915, P. 711, § 1, requiring an appeal to be taken within six months." Shiver v. Phillips-Boyd Pub. Co., 15 Ala. App. 639, 74 So. 745.

"Appeal taken March 22, 1929, from final decree rendered July 21, 1928, was too late, and court was without jurisdiction (Code 1923, § 6127)." Carlisle v. Carmichael, 222 Ala. 182, 131 So. 445.

"When judgment was rendered April 20, 1915, and appeal was not taken until December 16, 1915, on the writ, the appeal was governed by Act Sept. 22, 1915 (Acts 1915, p. 711), and must be dismissed." Walden v. Leach, 201 Ala. 475, 78 So. 381, headnote 1.

"Under Gen. Acts 1915, p. 711, providing that an appeal under Code 1907, §§ 2837–2895, must be taken within six months, an appeal, prosecuted more than a month after passage of the act, and more than six months after judgment, was not taken within the time required by law; the act containing no saving clause as to pending cases." Coker v. Fountain, 200 Ala. 95, 75 So. 471.

"Where an appeal is not taken within six months, as required by Gen. Acts 1919, p. 84, Gen. Acts 1915, p. 711, Code 1907, §§ 2855, 2868, the appeal will be dismissed." Burgin v. Sugg, 210 Ala. 142, 97 So. 216.

"An appeal taken more than six months after rendition of judgment will be dismissed under Acts 1919, p. 84." Dodd v. Carnes, 207 Ala. 367, 92 So. 428.

The appeal in this case having been prosecuted more than 6 months after the rendition of the final judgment in the circuit court of Hale county, Ala., there is no question before us except that this appeal must be dismissed.

Appeal dismissed.