(117 So. 655)

**CHILTON v. GURGANUS et al.   (6 Div. 66.)**

Supreme Court of Alabama.   June 30, 1928.

Charlie C. McCall, Atty. Gen., for the State.

Brief did not reach the Reporter.

146

Ray & Cooner, of Jasper, for appellant.

J. B. Powell, of Jasper, for appellees.

SAYRE, J. A decree adjudicating the merits of this cause was filed and enrolled on May 4, 1923. On May 30, 1923, the guardian ad litem for one of the infant defendants filed his motion or petition for a rehearing on the record and facts not appearing of record, and on the same day the court entered an order setting down the motion for hearing on June 16, 1923. The next order is dated June 30, 1923, and purported to pass the motion to July 14, 1923, and on the last-mentioned date the motion was passed to August 4, 1923, when the rehearing was granted and the previous decree was set aside. The cause appears to have rested without further proceedings until April 27, 1927, when the minor defendants—there were two of them—amended their previous answer making it a cross-bill. May 6, 1927, appellant demurred to the cross-bill. Thereafter appellant answered the cross-bill, the cause was again submitted for final decree, and June 30, 1927, the decree brought under review by this appeal was rendered.

■ Appellant insists upon but one point, viz. more than 30 days having elapsed between the order of May 30, 1923, and that of June 30, 1923—the court having taken no action on June 16th—the court thereafter was without power or jurisdiction to make the order of June 30th or render further decrees.

Section 6636, brought into the Code from the Act of March 17th, 1915, p. 135, provides:

"The circuit court, when exercising equity jurisdiction, shall always be open for the transaction of any business therein, but the court shall not have the power to open or set aside any final decree after the lapse of thirty days from the date of its rendition."

At a later day, September 22, 1915, page 707, § 3, the Legislature enacted the law now stated in section 6670 of the Code in this language:

"After the lapse of ten days from the rendition of a judgment or decree, the plaintiff may have execution issued thereon, and after the lapse of thirty days from the date on which a judgment or decree was rendered, the courts shall lose all power over it, as completely as if the end of the term had been on that day, unless a motion to set aside the judgment or decree, or grant a new trial has been filed and called to the attention of the court, and an order entered continuing it for hearing to a future day."

The last-quoted section, being of later date, must now be accepted as a statement of the legislative will on the subject with which the two sections deal. The latter section controls "judgments" and "decrees," terms aptly used to designate the judicial determinations of the court in law and equity causes respectively, and concludes all matters within the field of its operation. Its proper interpretation must take into consideration Rule 81 of the Chancery Court (4 Code, p. 932) and the numerous decisions of this court on the subject-matter of that rule. The statute, for certain purposes, established in every cause a new term of the chancery court of 30 days' duration beginning (Code, § 13) on the day after the decree—to accommodate our language to the exigencies of the present case—after the lapse of which "the court shall lose all power over it," unless a motion for rehearing is made and continued for hearing to a future day. In the cause here shown by the record, more than 30 days elapsed between the orders of May 30 and June 30, 1923, and thereby the court lost jurisdiction of the per-

son of appellant as for any proceedings adversary to him. But, if thereafter appellant came into court and joined in the further proceedings without objection as he did, that the motion for rehearing had been discontinued—to use the language of the decisions (Greer v. Heyer, 216 Ala. 229, 113 So. 14, and cases cited at the conclusion of the opinion) —our judgment is that thereby he waived the discontinuance, and, by his appearance and participation in the case made by the answer and cross-bill of defendants, re-established the power of the court to hear and determine the cause according to the issues so for the first time brought into consideration (McCarver v. Herzberg, 135 Ala. 542, 33 So. 486, and cases cited near the bottom of page 544 [33 So. 487]; Ex parte Schoel, 205 Ala. 248, 87 So. 801; Mt. Vernon-Woodbury Mills v. Judges, 200 Ala. 168, 75 So. 916, and other cases in the same line involved no question of waiver).

So likewise as to the objection now made for the first time that the motion or petition for rehearing was not verified by affidavit as provided in rule 81. That was waived by appellant's failure to object on that account in the court below. This was considered to be a sufficient answer, along with another, to a similar objection to a bill seeking incidental discovery in Sugar Factories v. Fies, 213 Ala. 556, 105 So. 590.

We have considered the only question raised in the brief for appellant.

Affirmed.

ANDERSON, C. J., and GARDNER and BOULDIN, JJ., concur.

Supreme Court of Alabama.   June 30, 1928.

Ray & Cooner, of Jasper, for appellant.
J. B. Powell, of Jasper, for appellees.