(119 So. 664)

### GIBSON v. FARMERS' BANK OF LUVERNE. (4 Div. 397.)

Supreme Court of Alabama. Jan. 17, 1929.

Powell & Hamilton, of Greenville, for appellant.

W. H. Stoddard, of Luverne, for appellee.

FOSTER, J. A bill in equity was filed August 14, 1924. It was answered in due course. Interrogatories to respondent were filed, and answers made to them. On August 3, 1927, respondent moved to dismiss the bill for want of prosecution. The motion was overruled. Thereupon, on January 14, 1928, complainant's counsel gave notice of a motion to examine witnesses on February 27, 1928. The record shows the following minute entry: "1/16/28. Submitted for decree on motion of respondent to dismiss for want of prosecution. Motion granted." On February 15, 1928, complainant filed a motion to reinstate the case on the docket. On March 6, 1928, the court entered a formal decree overruling the motion. On August 6, 1928, complainant filed an appeal here "from the decree rendered in said cause on the 5th day of March, 1928, overruling complainant's motion to reinstate the above-named cause and restore it to the docket."

After the submission of this appeal, appellee has moved to dismiss the appeal because taken more than 6 months after *January 16, 1928*. This case is not submitted on that motion. It was made after submission, and too late for consideration. No motion is made to dismiss the appeal because taken more than 30 days after the ruling on the motion to reinstate, nor because the decree from which the appeal is taken is not appealable. The motion to reinstate is but an application for a rehearing, under rule 81 of Chancery Practice. That rule permits its hearing "during the term in which the decree is rendered." In the case of Chilton v. Gurganus (Ala.) 117 So. 655,[1] this court considered the effect of that rule in connection with sections 6636 and 6670 of the Code of 1923, and held that such statutes, for this purpose, established in every cause a new term of the chancery court of 30 days' duration, beginning on the day after the decree. After the expiration of 30 days, the court is

[1] Ante, p. 145.

without power to hear such a motion, unless opposing counsel waive the delay, or unless jurisdiction is retained by a proper order.

If we should treat the memorandum granting the motion to dismiss as a formal order to that effect, the motion to reinstate, being acted upon on March 6, 1928, more than 30 days thereafter, the record not showing that appellee participated in the hearing, or otherwise waived the discontinuance of the motion, the order of the court denying the motion could not be reviewed, even if it were such an order as would otherwise support an appeal. Stallings v. Clark, ante, p. 31, 117 So. 467.

This court has also held, in the case of Ford v. Ford, ante, p. 15, 117 So. 462, that an order of this nature, even though made before jurisdiction is lost, is not appealable, and that appeals from rulings on motions for new trial (Code, § 6088) are limited to actions at law. It is also settled that an order refusing to vacate a default is not reviewable by appeal, even at law, but only by mandamus for an abuse of discretion. Ex parte Gay, 213 Ala. 5, 104 So. 898; Brown v. Brown, 213 Ala. 339, 105 So. 171; Eminent Household v. Lockerd, 202 Ala. 330, 80 So. 412.

It results that this court has no jurisdiction of this appeal, and it is dismissed ex mero motu, pursuant to a well-established rule in this court. Jackson v. Jackson, 211 Ala. 277, 100 So. 332; Nelson v. Cornelius, 208 Ala. 688, 95 So. 170; Martin v. Ala. Power Co., 208 Ala. 212, 94 So. 76; Lathrop v. Pioneer, 207 Ala. 522, 93 So. 427; Hayes v. Hayes, 192 Ala. 280, 68 So. 351.

We do not intend, by what we have said, to express or imply a consideration of the status of the case resulting from the memorandum in the record, dated "1/16/28," reciting "motion [to dismiss] granted." We merely dismiss this appeal, without considering any other question.

Appeal dismissed.

ANDERSON, C. J., and GARDNER and BOULDIN, JJ., concur.

