(124 So. 293)

## VAUGHN v. VAUGHN.   (7 Div. 851.)

Supreme Court of Alabama.   Oct. 24, 1929.

J. Valdor Curtis and Haralson & Son, all of Ft. Payne, for appellant.

C. J. Scott and Wolfes & Crawford, all of Ft. Payne, for appellee.

BROWN, J. This proceeding was instituted in the probate court of De Kalb county, by petition filed by appellee, to probate what was alleged to be the last will and testament of Mary E. Vaughn, deceased, and thereupon appellant filed a contest of said alleged will demanding a trial by jury, and the case was transferred to the De Kalb county court under the provisions of section 18 of the Local Act, approved July 22, 1927, creating said court. Local Acts 1927, p. 97, § 18.

The provisions of the act in respect to the jurisdiction of the local court in such matters are: "That in all cases in the Probate Court of De Kalb County, Alabama, wherein a will is sought to be probated, the filing of any contest shall automatically transfer the trial of such contest to the De Kalb County Court, and it shall be the duty of the Judge of Probate to deliver, immediately, to the clerk of said court all papers filed in said contest, and the same shall stand for trial as any other civil case. That all notices shall be issued by the clerk of said court as are now required to be issued by the Judge of Probate in the contest of wills, and the rules for trying the same as provided in the trial of civil cases as to the drawing and empaneling of a jury, provided, however, that either party desiring a jury trial may file a written demand therefor at any time within thirty (30) days from

the date of the filing of said cause in the De Kalb County Court, or at the time said cause is first called for trial if called within said time. That the final judgment entry of said contest shall be certified by the Clerk of said court to the Judge of Probate and by him recorded in the Probate Court minutes and acted upon as though it had been rendered in the Probate Court." Local Acts 1927, p. 97, § 18.

The case proceeded to a trial in the De Kalb county court, resulting in a verdict and judgment in favor of the proponent, which was entered July 20, 1928.

Motion for new trial was made and regularly continued until September 18, 1928, when the motion was overruled.

The appeal bond was filed and approved November 17th, more than 30 days from the date the order overruling the motion for new trial was entered.

The case was submitted on the appellee's motion to dismiss the appeal, and on the merits.

The only provisions in respect to appeals from judgments of the local court are found in section 27 of the act of its creation: "That the Supreme Court and Court of Appeals of this State shall have appellate and supervisory jurisdiction over said court, and the judge thereof, which may be exercised in the same manner as such jurisdiction may be exercised over the Circuit Courts of the State, and the judges thereof, *and appeals may be taken from the orders and judgments of said Court to the Supreme Court and Court of Appeals in the same manner, and within the same time, as appeals are now taken from the orders and judgments of the Circuit Courts of the State.*" (Italics supplied.) Local Acts of 1927, p. 99, § 27.

Section 6116 of the Code 1923 provides for an appeal from the judgment of the circuit court on contest of wills, to be taken within 30 days, after judgment, when the case has been removed to that court by appeal from the probate court under the provisions of section 6115 of the Code. Section 10636 provides for appeals to the Supreme Court from judgments of the circuit court, on the contest of wills, when the case has been transferred to the circuit court from the probate court "upon the demand of any party to the contest."

The general provision found in section 6127, requiring appeals to be taken within six months, is not applicable to cases in which a definite time is prescribed.

Construing these statutes, in connection with the provisions of section 27 of the Local Act, we are of opinion that the appeal in this case is governed by the provisions of section 10636 of the Code, and was barred after 30 days from the date of the order overruling the motion for new trial.

In reaching this conclusion we have not overlooked Tucker v. Houston, 216 Ala. 43,

112 So. 360. That was a proceeding in equity, in respect to which no special provision was made; and hence the appeal in that case was governed by the provisions of section 6127 of the Code.

The motion *to dismiss the appeal is* granted.

Appeal dismissed.

ANDERSON, C. J., and SAYRE and THOMAS, JJ., concur.