(133 So. 31)

## BIRMINGHAM NEWS CO. v. FITZGERALD.

### 6 Div. 829.

Supreme Court of Alabama.

March 5, 1931.

R. B. Evins, of Birmingham, for appellant.

Wilkinson, Burton & Wilkinson, of Birmingham, for appellee.

GARDNER, J.

Plaintiff entered into a written contract with defendant company bearing date October 20, 1928, as carrier for its newspaper on any route assigned by defendant, and deposited $250 as required by the eighth paragraph thereof to guarantee its faithful performance. The route was known as No. 28, and plaintiff operated under the contract for about three weeks, when he rescinded the same for alleged breach on defendant's part, and brought suit to recover the above-noted deposit.

Under the contract plaintiff was to purchase the papers of defendant and pay for the same each Wednesday. He paid for those delivered the first week, but not the remainder of the time, leaving a balance due of $207.26. There was judgment for plaintiff for the full amount sued for, from which defendant prosecutes this appeal.

Plaintiff stated his case upon the common counts, save that for money had and received.

It is insisted the only appropriate form of action on common counts was for money had and received, or else on a special count setting out the facts, citing 2 R. C. L. p. 788.

While we agree that of the common counts money had and received was the more appropriate, yet we find no occasion here to consider or determine whether or not any one of the other counts relied upon might suffice and therefore pretermit the question, and pass to a consideration of the cause upon the merits.

A preliminary question, however, is presented by appellee, who briefs the case upon the sole point that no question of merit or substance may be here considered for that the appeal is from the original judgment which was more than six months before the execution of the appeal bond, and the bill of exceptions not presented within ninety days after the said judgment, citing McMillon v. Skelton, 208 Ala. 693, 95 So. 148.

But it appears that following the original judgment a motion for new trial was duly filed and regularly continued from time to time, and the bill of exceptions duly presented and signed within ninety days following the judgment denying said motion. The argument of appellee overlooks the further fact that the security for costs of appeal recites that the appeal is also from the judgment

overruling the motion for a new trial as well as on the original judgment. "Presentation of the bill within 90 days after the granting or refusing of a motion for a new trial is sufficient to preserve for review the rulings of the trial court on the trial of the original cause, as well as the ruling of the court on the motion for a new trial." Tucker v. Houston, 216 Ala. 43, 112 So. 360, 362. Appellee's insistence, therefore, is without merit.

Coming to the substance of the case, it clearly appears that plaintiff could not maintain this suit for the recovery of said deposited sum under the terms of the contract, and he has therefore treated the same as rescinded for a breach on defendant's part. He complains a list of subscribers on the route was not furnished. Defendant's evidence tends to show that the preceding carrier on this route did not leave such a list with it, and that this was so explained to plaintiff at the time or just before the execution of the contract. Plaintiff denied such explanation, and this was a disputed fact. But we view that question as here immaterial, for a careful reading of the contract does not disclose a duty on defendant's part to furnish such list, and no provision to that effect is pointed out by appellee.

The next insistence for a breach is the refusal or failure of defendant to designate the route or its boundaries. As plaintiff was contracting as carrier for one of the defendant's newspaper routes, which under the contract was subject to the control of defendant, we are of the opinion a refusal or failure to give plaintiff a route would be such a breach of the contract which would authorize its rescission by plaintiff. The important question, therefore, is: Was there such a breach on defendant's part as to justify plaintiff's rescission of the contract? In McAllister-Coman Co. v. Matthews et al., 167 Ala. 361, 52 So. 416, 417, 140 Am. St. Rep. 43, this court speaking of the right of rescission for breach of the contract used the following language:

"A contract is made by the joint will of two parties, and can only be rescinded by the joint will of the two parties; but one party may so wrongfully repudiate the contract as to authorize the other to renounce it and refuse to be longer bound thereby. This happens when the acts and conduct of one of the parties evinces an intention to no longer be bound by the contract. Merely because a given act or course of conduct of one party to a contract is inconsistent with the contract is not sufficient; it must be inconsistent with the intention to be longer bound by it. Every breach of a contract is, of course, inconsistent with the contract; but every breach by one party does not authorize the other to renounce it in toto."

These are the expressions found in the English decisions and supported by many of the American courts (6 R. C. L. § 312, page 929), though criticized as incorrect in volume 3, § 1467, and volume 2, § 867, Williston on Contracts. But we need enter into no consideration of this criticism, as even under the rule as stated in section 1467, supra, the breach "must be of so material and substantial a nature as would constitute a defense to an action brought by the party in default for a refusal to proceed with the contract," and under all the authorities "it is not every partial failure to comply with the terms of a contract by one party which will entitle the other party to abandon the contract at once." 6 R. C. L. p. 926; Worthington v. Gwin, 119 Ala. 44, 24 So. 739, 43 L. R. A. 382.

Whether or not a given breach is so material or essential may be frequently a question of fact to be determined by the jury, yet if in a particular case the question is so clear as to be decided only in one way, it is a question of law for the court. Volume 2, § 866, Williston on Contracts.

The entire record in this case has been read and considered by the court in consultation, and the conclusion reached that upon the uncontroverted proof there was no such material and essential breach of the contract by defendant as to justify its repudiation and rescission by plaintiff. We will not discuss the evidence in detail but make reference to only some of the salient features.

Plaintiff understood he was securing the route known as No. 28, which his immediate predecessor operated with five delivery boys. Plaintiff was informed that one of the boys quit with the old carrier, but Allen, the district manager of defendant's circulation department, turned over the four remaining boys to plaintiff. Testifying in this connection, plaintiff said: "There remained four boys on the route who had been on the route with the old carrier and who knew the route. The city solicitor of the Birmingham News went out with me on that route to aid me in getting a list of subscribers in order that the deliveries might be made. No charge was made for this service of the city solicitor of the Birmingham News." One Hall was employed by defendant as solicitor, and he was instructed to and did accompany plaintiff on this route for two weeks. Plaintiff admits that Hall was constantly with him "for several weeks," but insists he was doing his own soliciting as well as trying to collect on the route. He further admits that Allen "did drive around that territory" with him after the contract was signed; that he went with him to "pick up the papers" and carried him to each of the six points of delivery; saying further, "I was out in the territory that comprised my route and I don't know that I asked him what my route was."

True, plaintiff's evidence tends to show some confusion at one time as to whether or not certain subscribers were in his territory

or that of another route, and a difference of opinion existed between a Mrs. Self and Allen as to the exact boundaries and a map was resorted to, for which uncertainty on their part Fletcher, the head of the circulation department, reprimanded them. But plaintiff admits that the delivery boys in his employ knew the route, and that Allen told him approximately where were the boundaries, and that Hall accompanied him some time on the route. Clearly, therefore, the confusion and difference of opinion above noted as to one particular part would not justify the repudiation of the contract as for a breach thereof by defendant when all the evidence tends to show effort on defendant's part to co-operate with plaintiff, and assist in his establishment as a carrier.

Looking at the entire record and reading the two letters plaintiff wrote announcing his resignation, it is made to appear, we think very clearly, that the principal cause of complaint was a failure to furnish a list of the subscribers, which defendant insists they did not have as the old carrier did not so supply it, and which we conclude did not constitute one of defendant's duties under the contract. We gather a further complaint was that too many papers were delivered and charged to plaintiff. But if so, this was a matter that must be charged to his own fault or neglect. The contract did not provide his purchase of a given number of papers, but the papers were to be so delivered to him upon his orders. If the supply was too great, he had only to order a less number. But we forego further discussion of the proof.

Our conclusion is that upon consideration of the whole record, plaintiff has failed to make out such a breach of the contract as justified its rescission on his part, and that the affirmative charge requested by defendant should have been given.

Let the judgment be reversed, and the cause remanded.

Reversed and remanded.

ANDERSON, C. J., and BOULDIN and FOSTER, JJ., concur.