145 So. 146 ·

## Ex parte FAVORS.

### 7 Div. 156.

Supreme Court of Alabama.

Dec. 22, 1932.

L. B. Rainey, of Gadsden, for appellant.

of Luverne, 218 Ala. 554, 119 So. 664; Anderson v. Steiner, 217 Ala. 85, 115 So. 4; Chilton v. Gurganus, 218 Ala. 145, 117 So. 655.

Mandamus denied.

ANDERSON, C. J., and GARDNER and FOSTER, JJ., concur.

145 So. 136

**MONTGOMERY, Superintendent of Banks, v. FOLMAR et al.**

4 Div. 669.

Supreme Court of Alabama.

Dec. 22, 1932.

E. G. Pilcher and Goodhue & Lusk, all of Gadsden, for appellee.

**BOULDIN, J.**

On December 29, 1930, Mary Estelle Favors obtained a decree of divorce from her husband, George W. Favors.

On January 14, 1931, within thirty days after the rendition of the decree of divorce, the court rendering the decree, did, on application of complainant in whose favor the decree had been granted, enter a decree or order vacating the decree of divorce and dismissing the bill out of court.

By the present proceeding, original mandamus in this court, the husband seeks to have this latter order or decree vacated and set aside.

The theory of the petitioner is that the decree of divorce was rendered in vacation as defined by Code, § 6667, and that the court was without jurisdiction or authority to vacate the same except upon application filed by the second day of the next ensuing term under Chancery Rule 78.

It is sufficient to say that Code, § 6667, has no application to equity proceedings; Code, §. 6636, governs. By that section the court is always open for equity business, and decrees become final after thirty days.

During this thirty-day period the cause is within the breast of the court, with full power to vacate the decree on application or ex mero motu. Rule 78 no longer has application to the matters here presented. Ex parte Howard (Howard v. Ridgeway) (Ala. Sup.) 142 So. 403;[1] Gibson v. Farmers' Bank

---

[1] Ante, p. 106.