### DAVIS v. GRIFFIN, Sheriff, et al.

7 Div. 200.

Supreme Court of Alabama.

Oct. 12, 1933.

M. B. Grace, of Birmingham, for appellant.

L. H. Ellis, of Columbiana, for appellees.

**KNIGHT, Justice.**

This is the second time that this case has appeared in this court. Davis v. Griffin, 225 Ala. 184, 142 So. 543.

On the present appeal, the cause was submitted on motion to strike bill of exceptions, and on the merits.

The motion to strike must be overruled. It appears that the case in the circuit court proceeded to judgment in favor of the defendants on the 9th day of September, 1932. Within thirty days thereafter the plaintiff filed his motion for a new trial. The judgment entry proper in the cause discloses no judgment of the court overruling this motion, but there appears in the bill of exceptions the following with reference to the filing and disposition of said motion:

"Sept. 15th, 1932. The above motion was presented to me and passed to September 19, 1932, for the appropriate order.
                "E. P. Gay, Trial Judge."
"Sept. 19, 1932. Motion overruled and plaintiff. excepts.
                "E. P. Gay, Judge."

This order, appearing in the bill of exceptions, was, and is, sufficient to prevent the running of the statute until September 19, 1932, and the time within which the bill of exceptions should be presented dated from September 19, 1932. Code, § 6433; Tucker v. Houston et al., 216 Ala. 43, 112 So. 360.

The appellees insist, however, that as the formal judgment entry does not show the order overruling the motion, and as what appears in the bill of exceptions is only a bench note of the judge, the time for presenting the bill of exceptions dated from the entry of the original judgment. We think this too narrow a construction of section 6433. However, if the appellees' contention were admitted, the bill of exceptions was still filed within the time allowed, for the trial was had, and the judgment appealed from was entered, on September 9, 1932, and the bill of exceptions was presented to the trial judge on December 8, 1932. It is thus made to appear that the presentation was made on the ninetieth day, and which complied with the statute.

It is also insisted by appellees that the bill of exceptions does not show the approval of the trial judge. There is no merit in this contention. The bill of exceptions in this particular shows the following:

"Wherefore, comes the plaintiff and within the time allowed by law, tenders to the court this bill of exceptions and prays that the same be signed, sealed and made a part of the record in this cause.
"Done this the 4th day of February, 1932.
        "E. P. Gay, Judge of the Circuit Court,
        "18th Judicial Circuit of Alabama."

This statement, signed by the trial judge, met every requirement of the statute with reference to the approval of the bill of exceptions.

The motion to strike the bill of exceptions must be, and is, overruled.

This was a suit against T. F. Griffin, sheriff of Etowah county, and the National Surety Company, surety on his official bond, by Nelson Davis to recover damages for the failure of the sheriff to levy upon and sell certain real and personal property of L. L. Clarke, under an execution issued out of the circuit court of Shelby county, upon a judgment of said court, wherein this appellant was plaintiff, and the said Clarke was defendant. This execution was placed in the hands of the defendant Griffin on or about March 17, 1931.

At the conclusion of the evidence, the court, at the written request of the defendants, gave the jury the following charge: "The court charges the jury that if they believe the evidence in the case, your verdict must be for the defendant." The propriety of this charge presents the appellant's whole case.

392

The evidence shows without conflict that the appellant (plaintiff) had recovered judgment for $1,250 in the circuit court of Shelby county on the 26th day of November, 1930, against L. L. Clarke, doing business under the trade name of L. L. Clarke Undertaking Company, and that execution was issued upon this judgment and received by said Griffin, as sheriff of Etowah county, on or about March 17, 1931. The evidence further shows that the plaintiff's attorney wrote the sheriff, pointing out certain property as being owned by the defendant in execution, and requested him to levy thereon under the execution. There was also evidence in the case tending to show that the property, or some of it, was then in the possession of the execution debtor; but the debtor, when called upon by the sheriff, asserted that some of the personal property was under mortgage, and some held by him under conditional sale contracts, and some held, under consignment, for sale by him for the owner. The mortgages or lien contracts were of record in the office of the judge of probate of Etowah county. In the list of properties so pointed out by plaintiff's attorney was a house and lot, which the execution debtor had contracted to buy; but no conveyance of the legal title had been executed. There was evidence, however, tending to show that the debtor's wife was a partner in business with him, and that the money paid on the house and lot had been paid by the wife.

There was also testimony tending to show that the equities of the execution debtor in the property were of little, if any, value. The evidence shows, without conflict, that the sheriff demanded that the plaintiff execute to him an indemnifying bond before making the levy, and this was not done.

■ The defendant Griffin, as sheriff of Etowah county, was under legal duty to use due diligence to make the money on appellant's execution. Code, § 10233; Planters' Chemical & Oil Co. v. Daniel, Sheriff, 209 Ala. 363, 96 So. 424.

Section 7822 of the Code provides: "When a reasonable doubt exists whether the *personal property* levied on belongs to the defendant, or whether *personal property* alleged to be his is subject to levy and sale, the sheriff may require of the plaintiff, his agent, or attorney, a bond of indemnity; and if it is not given within ten days thereafter, he may restore the property to the defendant, if levied on, or decline to levy, if one has not been made; but he may be required to levy and sell at any time thereafter, on being indemnified."

The defendant, in this case, sought shelter under this statute. Whether there is a reasonable doubt, justifying a demand for an indemnifying bond before levy, as well as after levy, is ordinarily a question for the determination of the jury. The burden of proof is upon the officer who would avail himself of the protection of the statute. Planters' Chemical & Oil Co. v. Daniel, Sheriff, supra.

■ Under section 7806, subds. 1 and 3, we do not think the execution debtor owned such an interest in the house and lot as was the subject of levy and sale under the execution. Bank of Opelika v. Kiser, Moore, Draper & Co., 119 Ala. 194, 199, 24 So. 11; Washington v. Bogart, 119 Ala. 377, 24 So. 245; Shaw v. Lindsey, 60 Ala. 344; Smith v. Cockrell, 66 Ala. 75. We may, therefore, dismiss this property from further consideration.

■ There were tendencies of the evidence going to show that the defendant in execution was in possession of the personal property under claim of ownership; that he was in business to the knowledge of the sheriff, and exercising the right to the possession of the property; and some of it was his property, subject only to lien. In such circumstances, the question of the existence of a reasonable doubt whether the personal property was in fact the property of the defendant in the execution was for the determination of the jury, under proper instructions of the court.

■ It is only when there are no inferences to be drawn by the jury from the evidence unfavorable to the party asking it, is the general affirmative instruction in his behalf proper. McMillan v. Aiken, 205 Ala. 35, 88 So. 135; Letson v. Mutual Loan Soc., 208 Ala. 285, 94 So. 288; American Mining Co. v. Taylor, 211 Ala. 513, 100 So. 761, 763.

Under the evidence in this case, the court should have submitted the case to the jury. There were tendencies of the evidence to support plaintiff's case, and in denial of the defense interposed by the defendant. The question whether the evidence sufficed to show the existence of a reasonable doubt as to whether the property was liable to the execution was one for the jury.

It follows that the court erred in giving the affirmative instruction, with hypothesis, for the defendants, and for the error the judgment of the lower court must be reversed, and the cause remanded.

Reversed and remanded.

ANDERSON, C. J., and THOMAS and BROWN, JJ., concur.