157 So. 675

## Ex parte CAMPBELL.
### 7 Div. 268.

Supreme Court of Alabama.
Nov. 22, 1934.

Jas. A. Embry and W. L. Acuff, both of Ashville, for petitioner.

W. T. Starnes and Frank B. Embry, both of Pell City, and Roger C. Suttle and O. R. Hood, both of Gadsden, for respondent.

---

For other cases see same topic and KEY NUMBER in all Key Number Digests and Indexes

THOMAS, Justice.

The petition for mandamus seeks to compel the vacation of an order made in the equity division of the circuit court, setting aside a final decree and granting a new trial. The final decree was rendered on August 18, 1933, and the motion for a new trial or rehearing was presented to the trial judge on September 18, 1933, duly continued to and granted on September 1, 1934.

It is conceded, and we judicially know, that September 17, 1933, was on Sunday, and the motion in question was filed and presented on the succeeding day. The primary and decisive question is, whether or not the presiding judge and court had jurisdiction to entertain the motion so presented, to continue the same from time to time, hear, and render judgment thereon.

It is the law that to obtain and preserve jurisdiction by such motion, the same must have been made and called to the attention of the court as provided by statute and its construction by this court—that is, the motion must have been filed within thirty days of rendition of final judgment, and if not heard within the time provided by law, must have been duly continued by special and successive orders within the time fixed by the former order. Greer et al. v. Heyer, 216 Ala. 229, 113 So. 14; City of Birmingham v. Andrews (Ex parte Andrews), 222 Ala. 362–365, 132 So. 877.

If the rule of computing the time within which such a motion must be filed and presented is subject to the provisions of section 13 of the Code, in the instant case August 18 would be excluded and the thirty-day period would have begun on August 19 and the last day thereof would have been the next succeeding, September 17, if a law day; and that day being Sunday, if it be excluded under the statute, the motion filed and presented on Monday, September 18, would be timely and within the provisions of the statute to present and preserve jurisdiction.

The "time when" in section 13 of the Code as applied was adverted to in Sims v. Sims, 210 Ala. 465, 98 So. 462, saying:

"But this statute applies to acts required to be done within a certain time, and not to time which must intervene before certain things can be done or before certain rights are barred, such as the foregoing quoted provision or the statute of limitations.

" 'Whatever may be the English doctrine upon the subject, it is the practice of our court to include one day and exclude the other, except when the statute requires so many entire days to intervene—in which case both are excluded.' Owen v. Slatter, 26 Ala. 547, 62 Am. Dec. 745."

As to such a motion for a new trial, as that before us, section 13 of the Code applies by the analogy of our decisions: Cox v. Hutto et al., 216 Ala. 23, 113 So. 40, an appeal from an order; Yates v. Dobson, 213 Ala. 547, 105 So. 691, the filing of a claim against decedent's estate; Carnley, Judge, v. Moore, 218 Ala. 274, 118 So. 409, as to publication required of a proposed local law; Stewart v. Keller, 197 Ala. 575, 73 So. 89, time for presenting bill of exceptions and the expiration thereof.

In Chilton v. Gurganus et al., 218 Ala. 145, 117 So. 655, it was held that section 13 of the Code applied to the time within which motions for new trials may be made. The end of the period there dealt with was not Sunday; yet it was held to relate to a motion for rehearing or new trial in equity, and section 13 of the Code was considered with Chancery Rule 81, 4 Code 1923, p. 932. The effect of that decision was, that a court of equity did not lose control of its order or decree when a motion for a rehearing or new trial had been filed and presented within thirty days, as computed by the rule and provisions contained in section 13, Code. That is, that the act of September 22, 1915 (Acts 1915, p. 707, § 3), now codified as section 6670 of the Code, was later than section 6636 of the Code and Chancery Rule 81, and was a declaration of the legislative will on the subjects with which the two statutes dealt, and that the latter enactment as codified prevailed. Giving effect to section 13, the two expressions of legislative will are harmonious.

The court had not lost control of the final decree under the motion and due continuance and when the rehearing was granted, as we have indicated.

It is further contended that the circuit court in equity had no authority to act in the premises at a "subsequent term of the circuit court." As a circuit court acting in equity, that court was open at all times for a due consideration of pending causes. It has no terms, in the ordinary meaning of the word as applied to a law court, and was not interrupted, except only as limited by the thirty-day period as employed in section 6636 of the Code. Ex parte Favors, 225 Ala. 675, 145 So. 146; Ex parte Howard (Howard v. Ridgeway et al.), 225 Ala. 106, 142 So. 403; Anderson v. Steiner, 217 Ala. 85, 115 So. 4.

It follows that the petition for mandamus be and is hereby denied.

Petition denied.

ANDERSON, C. J., and BROWN and KNIGHT, JJ., concur.