163 So. 327

**VAN SCHAICK, Superintendent of Insurance of New York, v. GOODWYN et al.**

**3 Div. 133.**

Supreme Court of Alabama.

June 20, 1935.

Rehearing Denied Oct. 10, 1935.

Ball & Ball, of Montgomery, for appellant.

Steiner, Crum & Weil and Sam Rice Baker, all of Montgomery, for appellees.

BROWN, Justice.

This appeal is prosecuted by George S. Van Schaick, as superintendent of insurance of New York, liquidating the Southern Surety Company, who was not a party to the suit when the final decree was rendered confirming the register's report and decreeing the distribution of the funds brought into custodia legis through the appointment of Goodwyn as receiver.

Subsequent to the rendition of said final decree, the appellant was allowed to file a petition for rehearing under Rule 81 of Chancery Practice, and which appellee moved to strike. The application for rehearing was denied, and he has appealed.

The law is settled that the granting or denial of a rehearing on petition filed during the term at which the decree was rendered under said rule is a matter within the unrevisable discretion of the court in equity proceedings. Ex parte Gresham, 82 Ala. 359, 2 So. 486; Cummings v. May, 110 Ala. 479, 20 So. 307; Cox v. Brown, 198 Ala. 638, 73 So. 964.

It is also settled that while the circuit court, as a court of equity, is always open for the transaction of business before it, nevertheless, for the purpose of granting rehearings, section 6636 and section 6670 of the Code establish in every cause a new term of the chancery court of 30 days' duration, beginning on the day of each final decree, and after the expiration of 30 days, the court is without power to grant such rehearing, unless opposing counsel waive the delay, or unless jurisdiction is retained by the decree. Gibson v. Farmers' Bank of Luverne, 218 Ala. 554, 119 So. 664; Ex parte Howard (Howard v. Ridgeway et al.), 225 Ala. 106, 142 So. 403.

The decree confirming the register's report and ordering the distribution of the funds to creditors was such final decree. O'Rear v. O'Rear, 227 Ala. 403, 150 So. 502.

. The order denying the rehearing is not reviewable, and the appellee's motion to dismiss the appeal is granted.

Appeal dismissed.

ANDERSON, C. J., and THOMAS and FOSTER, JJ., concur.