169 So. 871

# WILLIAMS et al. v. KNIGHT.

## 8 Div. 731.

Supreme Court of Alabama.
June 4, 1936.

Rehearing Granted Oct. 8, 1936.

Taylor, Richardson & Sparkman, of Huntsville, for appellants.

Julian Harris and Norman W. Harris, both of Decatur, for appellee.

THOMAS, Justice.

This case was dismissed on first appeal for failure to perfect the appeal against necessary parties. Williams, Superintendent of Banks, et al. v. Knight, 232 Ala. 206, 167 So. 284.

The cause was submitted on motion and on merits.

 The effect of our statute and decisions is, that an appeal taken more than six months after a final decree deprives this court of jurisdiction to hear and determine the questions presented on the trial. A belated appeal will be disposed of here by its dismissal. Section 6127, Code; Boshell v. Phillips, 207 Ala. 628, 93 So. 576. It is further declared that the refusal to grant an application for rehearing, in equity, is within the discretion of the court and not appealable. Johnson v. Johnson, 215 Ala. 434, 111 So. 7; Alexander v. Letson (Ala.Sup.) 167 So. 265;[1] Hamilton et al. v. James, 231 Ala. 668, 166 So. 425; Van Schaick, Superintendent of Insurance of New York, v. Goodwyn et al., 230 Ala. 687, 163 So. 327.

It results from the foregoing decisions that an application for rehearing in equity did not extend the time within which an appeal may be taken. Carlisle et al. v. Carmichael et al., 222 Ala. 182, 131 So. 445; section 6127, Code. It is stated in Chancery Rule 81 that on declining such application "no order must be made on said·petition." Vol. 4, Code 1923, p. 932, rule 81; Johnson v. Johnson, supra; Zaner et al. v. Thrower et al., 203 Ala. 650, 84 So. 820.

The final decree was rendered on August 29, 1935; appeal and supersedeas bond is of date of March 30, 1936, "filed and approved" the same day. The application for rehearing (denied on October 5, 1935) did not have the effect of extending the statute beyond the six months' period prescribed for taking an appeal in such case. Thus a question of jurisdiction is presented. The motion to dismiss the appeal is granted.

Appeal dismissed.

ANDERSON, C. J., and BROWN and KNIGHT, JJ., concur.

On Rehearing.

THOMAS, Justice.

The question of final judgments from which appeals may be taken to this court needs no further definition than that found in the decisions under the several statutes providing for appeals. De Graffenried v. Breitling, 192 Ala. 254, 68 So. 265; O'Rear v. O'Rear, 227 Ala. 403, 150 So. 502, 505; Mt. Vernon-Woodberry Mills· v. Union Springs Guano Co., 229 Ala. 91, 155 So. 716. Two final decrees may be entered in the same cause in

---

[1] 232 Ala. 208.

equity which will support an appeal—one settling the equities between the parties, and one confirming the register's report in so far as the first decree is not final but interlocutory—and it is well settled that "matters pertaining to the equities settled by the decree cannot be reviewed on appeal from the final decree entered after the bar has been perfected, confirming the report of the register." O'Rear v. O'Rear, supra; Cochran et al. v. Miller et al., 74 Ala. 50..

With the understanding of what is a final decree or judgment that will support an appeal, in this case, the important question is the time within which an appeal is required to.be taken to review the action of the court under the statute. Section 6127, Code.

Appellants' counsel in argument on motion for rehearing thus state the facts and question to be decided: "The appeal in this case is from the decree of the Circuit Court of Morgan County, rendered on the 29th day of August, 1935, by appeal and supersedeas bond filed March 30, 1936. Within thirty days after the decree of August 29, 1935, formal written motion for rehearing of such decree was filed with the Register, presented to the Court, and by orders duly entered upon the Minutes of the Court continued for hearing to October 5, 1935, when a formal order and decree of the court was entered denying the application; appellants contending that by virtue of such application for rehearing. the time for appeal from the decree of August 29, 1935, had not commenced to run until October 5, 1935."

In the instant case, the question is the attempt to take an appeal more than six months after the *final* decree on the merits and within six months after the overruling of the motion for rehearing; the motion being made under rule 81, Chancery Practice (Code 1923, vol. 4, p. 932).

Most of the decisions which we have rendered were in cases at law involving the effect of the statute providing for new trials at law and review of actions of trial courts thereunder.

We have sought to find a decision where the question of the running of the statute affected a judgment or decree in equity, and not that in law or kindred judgments. Exchange Distributing Co. v. Oslin, 229 Ala. 547, 158 So. 743; Tatum v. Williams, 231 Ala. 269, 164 So. 387.

It will be noted that in Tucker et al. v. Houston et al., 216 Ala. 43, 46, 112 So. 360, 362, Mr. Justice Sayre observed: "In Lewis v. Martin, 210 Ala. 401, 98 So. 635, the trial of the issue of devisavit vel non before a jury is likened in every respect to. the trial of a civil case at law. The court in that case went so far as to hold that, pending a motion for a 'new trial or rehearing,' the decree does not become final and will not support an appeal, and that rule 81 of chancery practice has no application to a case of this character. In other words, it was ruled that, notwithstanding the bill to contest a will must be filed on the equity side of the court, it is to all intents and purposes an action at law. This seems to the writer to ·be ·at variance with the decisions in Ex parte Colvert, 188 Ala. 650, 65 So. 964, and Kilgore v. T. C., I & R. Co., 191 Ala. 189, 67 So. 1002; but ·the court here and now prefers to stand by the precedent afforded by Lewis v. Martin, supra. Accordingly, the motions to strike the bill of exceptions and to dismiss the appeal are both overruled."

The matter was next considered in Vaughn v. Vaughn, 220 Ala. 132, 133, 124 So. 293, where it was . observed of the analogous statutes as follows: "Where will contest was transferred from probate court to county court under Loc.Acts 1927, p. 97, § 18, appeal filed more than 30 days from date order overruling motion for new trial was entered held barred in view of Code 1923, § 6116, providing for appeals from judgment of circuit court on contest of wills to be taken within 30 days after judgment when case had been removed to such court by appeal from probate court under section 6115, and in view of section 10636, which provides for appeal to Supreme Court from judgment of circuit court on will contest, as Loc. Acts 1927, p. 99, § 27, provides that appeals may be taken from orders and judgments of county court to Supreme Court and Court of Appeals in the same manner and within same time as appeals are taken from orders and judgments of circuit courts, since section 6127, providing for appeals within six months, is not applicable to cases in which definite time is prescribed."

The case of Birmingham News Co. v. Fitzgerald, 222 Ala. 386, 133 So. 31, was *at law;* held, after quoting from Tucker et al. v. Houston et al., 216 Ala. 43, 112 So. 360, that presentation of the bill of

exceptions within 90 days after action on a motion for a new trial was sufficient to preserve for review the rulings of the trial court on the trial of the original cause, as well as on the motion for a new trial.

Davis v. Griffin, Sheriff, et al., 227 Ala. 390, 391, 150 So. 326, was an action for failure to make money on an execution against the sheriff and his surety. This court set out the following with reference to the filing and disposition of the motion for a new trial:

"'Sept. 15th, 1932. The above motion was presented to me and passed to September 19, 1932, for the appropriate order.

"'E. P. Gay, Trial Judge.'

"'Sept. 19, 1932. Motion overruled and plaintiff excepts.

"'E. P. Gay, Judge.'"

Then observed: "This order, appearing in the bill of exceptions, was, and is, sufficient to prevent the running of the statute until September 19, 1932, and the time within which the bill of exceptions should be presented dated from September 19, 1932. Code, § 6433; Tucker et al. v. Houston et al., 216 Ala. 43, 112 So. 360."

In Roberts v. Bellew, 229 Ala. 333, 157 So. 216, 217, an action for assault and battery, it was said: "The Code of 1923, § 6433, as revised by the legislative committee, has made a change in that respect, so the presentation of a bill of exceptions within ninety days after an order refusing a motion for a new trial preserves for review the rulings on the main trial. Mitchell v. Birmingham News Co., 223 Ala. 568, 137 So. 422; Birmingham News Co. v. Fitzgerald, 222 Ala. 386, 133 So. 31; Lester v. Gay, 217 Ala. 585, 117 So. 211, 59 A.L.R. 1561; Tucker et al. v. Houston et al., 216 Ala. 43, 112 So. 360; Arnold & Co. v. Jordan, 215 Ala. 693, 112 So. 305." The cases cited are all actions at law, with the exception of Tucker et al. v. Houston, et al., which was for contest of a will in chancery where there was a trial by jury under the statute.

In Moor v. Moor, 211 Ala. 56, 99 So. 316, it was held: "An appeal taken within 6 months after rendition of a decree denying a divorce, as required by Code 1907, § 2868, and Gen.Acts 1915, p. 711, as amended by Gen.Acts 1919, p. 84, is in time; Code 1907, § 2869, fixing the time

at 60 days applying only when a divorce is granted."

See, also, Cheairs v. Osborn et al., 26 Ala.App. 362, 159 So. 702. And in Burgin et al. v. Sugg et al., 210 Ala. 142, 97 So. 216, a question of jurisdiction being presented by a bill in chancery, it was held where an appeal is not taken within statutory time it will be dismissed. Wetzel v. Dixon, 227 Ala. 46, 148 So. 857; Colbert County v. Tennessee Valley Bank, 225 Ala. 632, 144 So. 803; Irwin v. Weil et al., 228 Ala. 489, 153 So. 746; Boshell v. Phillips, 207 Ala. 628, 93 So. 576; Dodd v. Carnes, 207 Ala. 367, 92 So. 428; Coker et al. v. Fountain et al., 200 Ala. 95, 75 So. 471. Anthony v. Anthony et al., 221 Ala. 221, 128 So. 440, held, after removal of the administration to the chancery court, it was subject to section 6127 of the Code, as to appeal.

In the case of Carlisle et al. v. Carmichael et al., 222 Ala. 182, 183, 131 So. 445, a bill in equity, this court said: "A final decree in equity denying relief to complainant was entered in the circuit court July 21, 1928. On July 27, 1928, complainants filed a motion to set aside the final decree and allow them to take further testimony. On November 26, 1928, the court overruled the motion. On March 22, 1929, complainants filed with the register and had him to approve security for costs of an appeal recited to be from a decree rendered on November 27, 1928. The certificate to the transcript shows that the appeal was from the decree of November 26, 1928. If the appeal had purported to be from the final decree rendered July 21, 1928, or if it could be so treated, it came too late—section 6127, Code—and the court would be without jurisdiction to consider it. Boshell v. Phillips, 207 Ala. 628, 93 So. 576; Lowry v. Hill, 211 Ala. 645, 101 So. 586."

See, also, the case of City of Troy et al. v. Murphree, 214 Ala. 118, 107 So. 83.

It is insisted for the sake of rehearing that the last-cited decision contains dictum contrary to Florence Cotton & Iron Co. v. Field, 104 Ala. 471, 16 So. 538, 539. In the Florence Case the action was founded on a contract and a suit at law. It states the general rule at law that: "'A pending motion for a new trial, seasonably filed, keeps the cause in the trial court, and, so long as it remains undis-

posed of, there can be no final judgment, within the meaning of the statutes regulating appeals.'" Stallings v. Clark et al., 218 Ala. 31, 117 So. 467; Childers v. Samoset Cotton Mills, 213 Ala. 292, 104 So. 641. This rule is not extended to applications for rehearings under Chancery Rule 81. Boshell v. Phillips, 207 Ala. 628, 93 So. 576, Lowry v. Hill, 211 Ala. 645, 101 So. 586, and Stough v. New York Life Ins. Co., 217 Ala. 192, 115 So. 155, did not present questions of rehearing.

The foregoing will indicate the two classes of decisions under the dual system and recognized distinctions between law and equity procedure.

What, then, was the effect of section 6670 of the Code governing the rights of litigants to make and have heard motions for new trials at law and rehearings in equity? The statute is: "After the lapse of ten days from the rendition of a judgment or decree, the plaintiff may have execution issued thereon, and after the lapse of thirty days from the date on which a judgment or decree was rendered, the court shall lose all power over it, as completely as if the end of the term had been on that day, unless a motion to set aside the judgment or decree, or grant a new trial has been filed and called to the attention of the court, and an order entered continuing it for hearing to a future day." Section 6670, Code.

It will be noted that this rule makes no distinction between "judgments" and "decrees." In Chilton v. Gurganus et al., 218 Ala. 145, 117 So. 655, a final decree of a court of equity had been rendered and a motion for rehearing duly made; held, that there was a discontinuance of the motion by the lapse of more than thirty days between the motion and order granting continuance; that there was a waiver of discontinuance by appearance and participation in the case. Such is the ruling that obtains at law as to motions for new trials (Cain v. Jefferson Standard Life Ins. Co., 227 Ala. 458, 150 So. 689), discontinuances and waivers. In Gibson v. Farmers' Bank of Luverne, 218 Ala. 554, 119 So. 664, the holding was, the court was without power to hear the motion to reinstate after the expiration of 30 days from the decree, in the absence of showing of waiver. Rule 81, Chancery Practice; Code, §§ 6636, 6670; Ex parte Allen, 221 Ala. 393, 128 So. 801.

In Ex parte Lost Creek Coal & Mineral Land Co., 229 Ala. 17, 18, 19, 155 So. 355, 357, the following declaration was made in dealing with the statute and decisions: "The decrees are effective from dates of rendition duly made and entered. Johnson v. Inman, 223 Ala. 513, 137 So. 293. The last order of modification was more than six months after rendition of the final decree (De Graffenried v. Breitling, 192 Ala. 254, 68 So. 265); not more than three months after the last preceding order of modification. It is insisted that at such time and under the law the court was, as to such matter, as if it were in vacation. It is provided by statute that circuit courts in the exercise of equity jurisdiction are always open for the transaction of any business therein; but the power is denied to that court, 'to open or set aside any final decree after the lapse of thirty days from the date of its rendition.' The statute, and rule 81 of Chancery Practice, Code of 1923, as to rehearings, were recently considered in Ex parte Howard, 225 Ala. 106, 142 So. 403, 404, holding that the circuit court, as a court of equity, is always open for transaction of any business therein, citing Anderson v. Steiner, 217 Ala. 85, 115 So. 4; and in Gibson v. Farmers' Bank of Luverne, 218 Ala. 554, 119 So. 664, 665, where it was held that the statute (sections 6636, 6670) and Chancery Rule 81 establish in every court a new term of that court 'of 30 days' duration, beginning on the day after the decree,' and the court is without power to hear a rehearing '(1) unless opposing counsel waive the delay, or (2) unless jurisdiction is retained by a proper order.' Chilton v. Gurganus, 218 Ala. 145, 117 So. 655; Ex parte Green, Superintendent of Banks, 221 Ala. 298, 129 So. 72; Ex parte Favors, 225 Ala. 675, 145 So. 146."

In the case of Ex parte Campbell, 229 Ala. 422, 423, 157 So. 675, 676, this court, dealing with the holding in Chilton v. Gurganus et al., supra, said:

"It was held that section 13 of the Code applied to the time within which motions for new trials may be made. The end of the period there dealt with was not Sunday; yet it was held to relate to a motion for rehearing or new trial in equity, and section 13 of the Code was considered with Chancery Rule 81, 4 Code 1923, p. 932. The effect of that decision was,

that a court of equity did not lose control of its order or decree when a motion for a rehearing or new trial had been filed and presented within thirty days, as computed by the rule and provisions contained in section 13, Code. That is, that the act of September 22, 1915 (Acts 1915, p. 707, § 3), now codified as section 6670 of the Code was later than section 6636 of the Code and Chancery Rule 81, and was a declaration of the legislative will on. the subjects with which the two statutes dealt, and that the latter enactment as codified prevailed. Giving effect to section 13, the two expressions of legislative will are harmonious.

"The court had not lost control of the final decree under the motion and due continuance and when the rehearing was granted, as we have indicated."

It will be noted that the mandamus sought in Ex parte Campbell, supra, affected a judgment of the circuit court made in the equity division.

■ The trend of later decisions, under our statutes of judgments and decrees and terms of courts in which the same may be dealt with by the courts on due motions and waivers of discontinuance by appearances and participation of counsel, is that "new trials" and "rehearings" are treated alike where jurisdiction is retained.

Does it now follow that so long as jurisdiction is retained and motion for "new trial" or "rehearing" is duly pending, any appeal taken from the original judgment within six months from the rendition of judgment or decree meets the requirements of the statute? It would appear that the modern tendency for simplification of procedure in the circuit court would be conserved by the same rule at law and equity prevailing as to the right of appeal and lifting the bar of the statute, pending hearing on the motion for a new trial and rehearing. Such is the analogy to be found in the holding in Tucker et al. v. Houston et al., 216 Ala. 43, 112 So. 360; Lewis et al. v. Martin et al., 210 Ala. 401, 98 So. 635. These decisions, and many recent statutes affecting those divisions of the circuit court and that providing for suspension of the judgment or decree pending motion for a new trial or rehearing (section 6670, Code), have been a legislative change of rule 81, Chancery Practice, to the extent that when the motion for rehearing or motion

to set aside the decree is duly made and called to the attention of the court, it has the effect of suspending all action on the decree until the same has been disposed of by law. In Ex parte Moore et al., 231 Ala. 209, 164 So. 210, 211, it was held that: "The right to execution for the collection of moneyed judgments, when time for execution arrives, and no lawful supersedeas has intervened, is of equal moment in the administration of justice, as is the rendition of the judgment or decree." See, also, Moore et al. v. Esslinger et al., etc., 232 Ala. 251, 167 So. 328. Thus is presented the right to execution during the due pendency of a motion for rehearing in equity.

■ This court has the right to make rules in the exercise of its inherent power; and rules so made can be regulated or modified in a proper case by the Legislature where the inherent power of this court is not limited.

Adverting again to Chilton v. Gurganus et al., 218 Ala. 145, 146, 147, 117 So. 655, it will be noted that Code, § 6670, was stated to be the last legislative will applicable to *"judicial determinations of the court in law and equity causes* respectively"; that this section "concludes all matters within the field of its operation. Its proper interpretation must take into consideration Rule 81 of the Chancery Court (Code [1923, vol. 4] p. 932) and the numerous decisions of this court on the subject-matter of the rule"; that for certain purposes it "established in every cause a new term of the chancery court of 30 days' duration * * * after the lapse of which 'the court shall lose all power over it,' *unless a motion for rehearing is made and continued for hearing to a future day"* within a term; that the court may lose jurisdiction of the person as "for any proceedings adversary to him" that may be waived (Greer et al. v. Heyer, 216 Ala. 229, 113 So. 14) by appearance and participation in the cause; that such waiver re-establishes the power of the court to hear and determine the cause according to the issues so for the first time brought into consideration. (Italics supplied.)

With this interpretation of the statutes (Code, §§ 6636, 6670), the analogy to be found in Tucker et al. v. Houston et al., 216 Ala. 43, 112 So. 360, and Lewis et al. v. Martin et al., 210 Ala. 401, 98 So. 635, 644, where motions for rehearings of

decrees were duly made, called to the attention of the court and so considered by the court, has, as before stated, the effect of suspending all action on and under the decree within the term of that court and until acted upon, discontinued, or disposed of by law. And this, of necessity, affected the right of appeal without waiver of the motion for rehearing.

In Lewis et al. v. Martin et al., supra, it was decided "that a motion for a new trial or rehearing, seasonably made, suspends judgment or decree in the cause, and the same does not become final, for the purposes of an appeal, until the final disposition of such motion by the court," or, we may add, by operation of law. The cases cited to this text were at law, and the same rule applicable to those cases was applied in the Lewis Case, which was a chancery proceeding to contest a will and charge for devastavits. Those cases, however, may not be differentiated in reason from the situation of the case at bar, where an attempt to perfect an appeal within six months from date of rendition of the decree on the motion for rehearing was made; the motion for rehearing being duly made, heard, and denied by the court and a decretal order to that effect was duly made and entered on the minutes of that court.

It may be further observed that there are later cases dealing with the fact that there was no appeal from the denial of the application for rehearing. Van Schaick, Superintendent of Insurance of New York, v. Goodwyn, et al., 230 Ala. 687, 163 So. 327; Ex parte Howard (Howard v. Ridgeway et al.), 225 Ala. 106, 142 So. 403. In these cases the right and duty of the court in equity cases to retain jurisdiction to hear and determine motions for rehearings duly made and submitted were recognized. In the Van Schaick Case it was said: "It is also settled that while the circuit court, as a court of equity, is always open for the transaction of business before it, nevertheless, for the purpose of granting rehearings, section 6636 and section 6670 of the Code establish in every cause a new term of the chancery court of 30 days' duration, beginning on the day of each final decree, and after the expiration of 30 days, the court is without power to grant such rehearing, unless opposing counsel waive the delay, or unless jurisdiction is retained by the decree." 230 Ala. 687, 163 So. 327, 328.

It may not be out of place to observe that the general and recognized rules governing such questions at law were recently stated in Richards v. Williams, 231 Ala. 450, 165 So. 820, 822, 823, after collecting several classes of our decisions, as follows: "The effect of these decisions is, that a motion for a new trial has the effect of suspending the running of the statute and affecting the time within which an appeal may be taken and maintained, only where there is a valid judgment on such motion."

In the instant case there is such valid judgment on the motion duly presented, continued to another term, and formally heard and determined by the court. The cause did not, therefore, expire with the term at which the decree was rendered (Childers v. Samoset Cotton Mills, 213 Ala. 292, 104 So. 641), but was duly continued to the hearing and ruling thereon evidenced by the formal decree.

The granting of the motion for rehearing brings us to a consideration of the facts, under the statute and decisions having application. The authorities are understood and recently collected in Ex parte Lacy (Lacy v. Commercial Nat. Bank of Anniston), 232 Ala. 525, 168 So. 554; Dewberry et al. v. Bank of Standing Rock et al., 227 Ala. 484, 150 So. 463; Mitchell et al. v. Sessoms Grocery Co., 228 Ala. 360, 153 So. 282.

A careful consideration of the evidence convinces us that the court below reached the proper conclusion, viz., that the indebtedness secured by the said mortgage was in fact and truth the indebtedness of the husband, and no part thereof was the indebtedness of the complainant; that, in said transaction, Mrs. Knight was the surety of her husband, the said John W. Knight, which is forbidden by section 8272 of the Code, and, therefore, as to the real estate conveyed by said mortgage, which was confessedly the property of Mrs. Knight, the said mortgage was void and unenforceable. In decreeing the mortgage null and void as to the real property attempted to be conveyed thereby, the court committed no error. Likewise the court committed no error in ordering the sale of the personal property to satisfy the indebtedness secured by said mortgage. The personal property was the property of the husband, and the mortgage to that extent is valid.

It follows that the decree appealed from is due to be affirmed in all respects.

It results that the application for rehearing is granted, the judgment of dismissal is set aside, and the decree of the circuit court is affirmed.

All the Justices concur.