174 So. 292

### WATSON et al. v. CASTELLOW.

### 4 Div. 912.

Supreme Court of Alabama.

May 13, 1937.

See, also, post, p. 701, 173 So. 915.

E. C. Boswell, of Geneva, for appellants.

Carmichael & Tiller, of Geneva, for appellee.

KNIGHT, Justice.

The appeal in this cause must be dismissed.

It appears from the record that the court made and entered in the cause a final decree on the 19th day of February, 1936. On March 16, 1936, the respondents-appellants filed their petition for a rehearing. This petition was allowed to lie dormant until May 16, 1936, when the court, without any orders having been made and entered on the petition to keep it alive, undertook to pass upon and to deny the prayer of the petition. The decree and the petition, at that time, had passed completely from the jurisdiction of the court. Hale et al. v. Kinnaird, 200 Ala. 596, 76 So. 954; Shipp et al. v. Shelton, 193 Ala. 658, 69 So. 102; Van Schaick, Supt. of Insurance of New York, et al. v. Goodwyn et al., 230 Ala. 687, 163 So. 327; Ex parte Howard, 225 Ala. 106, 142 So. 403. Thus, when the court undertook to pass upon the petition for rehearing, it had become functus officio. The record shows no waiver on the part of the complainant, or of her counsel, of the chasm caused by the delay.

The appeal was taken by appellant, not from the final decree made in said cause on February 19, 1936, but from the abortive decree made on the 16th day of May, 1936, overruling and denying the respondent's petition for a rehearing. This fact is clearly shown both by the appeal bond and by the citation issued by the clerk.

We have time and again held that the granting or denial of a rehearing is a matter within the sound discretion of the court in equity proceedings, and is not ap-

pealable. Commercial Credit Company v. State ex rel. Stewart, 224 Ala. 123, 139 So. 271; Ex parte Upchurch, 215 Ala. 610, 112 So. 202, 203; Chenault v. Milan, 205 Ala. 310, 87 So. 537; Van Schaick, Supt. of Insurance of New York, et al. v. Goodwyn et al., 230 Ala. 687, 163 So. 327; Williams v. Knight, 233 Ala. 42, 169 So. 871; Gibson v. Farmers' Bank, 218 Ala. 554, 119 So. 664; Carlisle et al. v. Carmichael et al., 222 Ala. 182, 131 So. 445.

The appeal is, therefore, dismissed.

Appeal dismissed.

ANDERSON, C. J., and THOMAS and BROWN, JJ., concur.