8 So.2d 187

## LINN v. LINN.

### 6 Div. 13.

Supreme Court of Alabama.

May 14, 1942.

Carl A. Elliott, of Jasper, for appellant.

Pennington & Tweedy, of Jasper, for appellee.

FOSTER, Justice.

This is an appeal taken by complainant in a divorce suit from a decree setting aside a final decree of divorce. Appellant assigns as error the overruling of his demurrer to the motion of appellee to set aside the decree of divorce, also the decree setting it aside. We fail to find a decree overruling the demurrer to the motion. But a demurrer to a motion is inappropriate, and need not be acted on. 42 Corpus Juris 501, 502, notes 18 and 19; 37 Amer.Jur. 508, section 15. That was apparently the view of the trial court.

The appeal must be dismissed, though there is no motion by appellee to dismiss it, since the decree is not one which will support an appeal.

Prior to the effective application of the new equity rules, a ruling on such a motion in equity was neither appealable nor subject to assignment of error on appeal from some other decree. Van Schaick v.

690

Goodwyn, 230 Ala. 687, 163 So. 327; Williams v. Knight, 233 Ala. 42, 169 So. 871.

■ Rule 62, Equity Practice, Code of 1940, Title 7, Appendix page 1097, provides that "No appeal will lie from such order [on motion for rehearing in equity] unless it modifies the decree." That rule also provided that on hearing the motion, "the judge may grant or overrule said application or modify said decree." With respect to actions at law, section 764 provides that the order granting or refusing the motion is the subject of assignment of error on appeal. There is no reference to a modification. When Rule 62 includes a modification along with granting or overruling, it must have been intended to convey a different idea from them. It only authorizes, and that inferentially, an appeal from an order which modifies the decree, not including one which sets the decree aside as in the instant case. Modify ordinarily is not used in a sense of completely setting aside the thing to be modified, but to limit, qualify or moderate. Webster's New Int. Dictionary.

■ Appellant also complains that since there was a decree pro confesso, followed by proof of the allegations of the bill as is necessary in such a case, the proper practice is to have the decree pro confesso set aside by the observance of Rule 34, Equity Practice, Code of 1940, Title 7, Appendix, page 1079. But the procedure there provided is not available until the final decree is set aside as provided in Rule 62, supra.

True, the court in setting aside the final decree allowed respondent twenty days to answer without setting aside the decree pro confesso under Rule 34, supra. We think the more orderly procedure is merely to set aside the final decree and if respondent then wishes to set aside the decree pro confesso he should proceed as in Rule 34, supra. He may be content to act under the authority of Rule 33, Equity Practice, page 1078, Title 7, Appendix, Code of 1940, by which he would be limited if the decree pro confesso is not set aside.

■ We note an absence from the record of the evidence taken orally before the court on the motion for a rehearing, though there is a note of it incorporated as usual. Its absence from the record would prevent a review of the decree if it were appealable. Counsel refer to an exception to the order and the absence of a bill of exceptions. There is no place in equity for such practice.

■ This suit was filed in the County Court of Walker County by authority of Act 22 (H. 148), approved February 8, 1939, (Local Acts 1939, page 8), which confers on such court jurisdiction in divorce and alimony controversies concurrent with the circuit court to be exercised and enforced in the same manner and procedure as in the circuit courts in equity, and that appeals may be taken likewise as provided in that court. Equity Rule 1, Title 7, Appendix, page 1037, Code of 1940.

This act is not called in question nor attempted here to be construed. It certainly does not provide for an appeal in divorce cases when one does not exist in the circuit court in equity under like circumstances.

Let the appeal be dismissed.

Appeal dismissed.

GARDNER, C. J., and BOULDIN and LIVINGSTON, JJ., concur.